**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**MELINDA K. JACKMAN-HANLIN**
Plainfield, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

FILED

Jan 26 2012, 9:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| CASEY JACKSON, | ) |
| | ) |
| Appellant- Defendant, | ) |
| | ) |
| vs. | )     No. 67A01-1108-CR-340 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee- Plaintiff, | ) |

APPEAL FROM THE PUTNAM SUPERIOR COURT
The Honorable Charles D. Bridges, Judge
Cause No. 67D01-0908-CM-563

**January 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Casey Jackson was convicted of battery resulting in bodily injury, a Class A misdemeanor, and sentenced to one year of probation. Jackson raises two issues for our review which we restate as 1) whether the trial court improperly considered a probable cause affidavit not admitted into evidence in convicting Jackson; and 2) whether such consideration, if it occurred, violated Jackson's Sixth Amendment right to confrontation. The State raises one issue, which we find dispositive: whether Jackson waived the claim that the trial court improperly considered a probable cause affidavit by failing to object at trial. Concluding the issues Jackson raises on appeal have been waived, we affirm his conviction.

## Facts and Procedural History

On August 3, 2009, an incident occurred at Jackson and Cassandra Hart's home while Cassandra, Jackson's girlfriend of two years, was moving out. Cassandra's parents, Daniel Hart and Denise Otenburg, were there to assist her in removing her belongings. After warning Hart and Otenburg that they were trespassing, Jackson called the police. Approximately one week later, Hart and Otenburg went to the police station and filed a written report stating that Jackson had violently attacked Hart on August 3 at the residence. On August 19, 2009, a probable cause affidavit and information were filed, charging Jackson with battery.[1] A bench trial was held on July 29, 2011, and Jackson was convicted of battery resulting in bodily injury, a Class A misdemeanor. Jackson now appeals.

---

[1] Despite forming his arguments around the probable cause affidavit and information, Jackson includes neither document in his Appellant's Appendix.

2

Discussion and Decision

When rendering its judgment, the trial court stated:

> A couple things and this may be out of the scope of what I'm required to do, but I'm going to make a couple of explanations anyway. Although not presented today on the record, I did find probable cause for Mr. Jackson's arrest and that Probable Cause was based on the police report that was made the very next day, actually the same day. They contacted police the same day and reported this battery. The fact that they gave their statements seven (7) days later is not unusual at all, it's a routine occurrence in law enforcement. You make the police report and they say when you get a chance, come down and make a statement and we'll turn it into, you know, that really has no bearing although much ado was made of that.

Transcript at 41. Jackson now argues, for the first time, that this statement shows the trial court erred by considering the probable cause affidavit in its determination of guilt even though the affidavit was not admitted into evidence. He also argues, again for the first time, that his Sixth Amendment right to confrontation was denied because the police officers who prepared the affidavit did not testify.

The State argues Jackson waived both arguments because no objection was made at any point in time during the trial regarding the trial court's use of the affidavit. We agree. "As a general rule, the failure to object at trial results in a waiver of the issue on appeal." Benson v. State, 762 N.E.2d 748, 755 (Ind. 2002). Even a Sixth Amendment contention that one's right to confrontation was denied is waived on appeal if not timely objected to at trial. Kimbrough v. State, 911 N.E.2d 621, 631 (Ind. Ct. App. 2009). Jackson does not point to such an objection in the record, nor do we find one.

Even if Jackson had timely objected at trial, any error on the part of the trial court would be harmless. "[A] denial of the right of confrontation is harmless error where the evidence supporting the conviction is so convincing that a [finder of fact] could not have

3

found otherwise." Jackson v. State, 735 N.E.2d at 1146, 1152 (Ind. 2000). To convict Jackson of battery as a Class A misdemeanor, the State was required to prove beyond a reasonable doubt that Jackson knowingly or intentionally touched another person in a rude, insolent, or angry manner, resulting in bodily injury to another person. Ind. Code § 35-42-2-1(a)(1)(A).

Hart's and Otenburg's testimonies at trial provided evidence so convincing that a finder of fact could not have found otherwise. Hart testified Jackson began interrupting while Hart and Otenburg were removing Cassandra's belongings. Jackson took Hart's cell phone and walked outside, and Hart followed him asking for his phone back. Hart was able to take it out of Jackson's hand, and Hart turned around to walk inside the house and continue removing Cassandra's belongings.

Hart testified Jackson came from behind, put his forearm up to Hart's neck, and began choking him for several seconds before throwing him face-first into a post. Hart's mouth was bleeding and he laid on the ground gasping for air while Jackson ran after Otenburg. Otenburg pulled a gun out of her purse and pointed it at Jackson, telling him to get away. Later in the evening Hart went to the emergency room because of the pain from his injuries. Hart had internal bruising and swelling from being choked. Otenburg testified that she saw Jackson grab Hart around the neck from behind and lift him off the ground before she ran into the house. State's Exhibit 2, admitted into evidence at trial, provided the hospital's care instructions for Hart's injuries.

The evidence presented at trial was so convincing that Jackson could not reasonably have been found not guilty. Also, it is not clear in the record that the trial court actually relied on the probable cause affidavit for the purposes of finding Jackson

4

guilty, especially considering that witness testimony provided the same information as the affidavit regarding the incident between Jackson and Hart. Further, despite his Sixth Amendment argument, he cross examined Hart and Otenburg at trial. He was not able to cross examine the officer or officers who prepared the probable cause affidavit, but this error was harmless.

<u>Conclusion</u>

The issues Jackson raises on appeal have been waived due to Jackson's failure to timely object at trial to the trial court's alleged use of a probable cause affidavit in convicting him. We therefore affirm Jackson's conviction.

Affirmed.

NAJAM, J., and VAIDIK, J., concur.